UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-25872-KMM

ALBION BRAND FOUNDRY LTD,

*Plaintiff*,

v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

*Defendants*.

_____/

**PLAINTIFF'S RENEWED MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, by and through counsel, respectfully moves this Court for an order authorizing service of process by email and web publication on Defendants identified on Schedule A. Plaintiff seeks alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3), in connection with this action arising under 15 U.S.C. § 1114 (trademark infringement and counterfeiting) and 15 U.S.C. § 1125(a) (false designation of origin).

Providing service and notice via e-mail and/or electronic publication is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

**Introduction**

Plaintiff filed the instant civil action to address the willful and intentional counterfeiting and infringement of its federally registered trademark, BESTSKY trademark (hereto referred herein as "BESTSKY" mark), with registration No. 6,746,488. *See* Exhibit 1 to Complaint, [ECF No. 1-1].

1

As set forth in Plaintiff's TRO Motion [ECF No. 14], the alleged trademark infringement and counterfeiting by each Defendant arises out of the same transaction, occurrence, or series of transactions or occurrences. Accordingly, joinder of all Defendants identified on Schedule A is proper pursuant to Federal Rule of Civil Procedure 20(a)(2)(A).

Plaintiff's attempts to serve Defendants have been hindered by Defendants' failure to provide valid, accurate, or servable physical addresses with the e-commerce platform. *See* Declaration of Andrew Palmer in Support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) ("Decl. of Palmer"), ¶¶ 2-6, attached herewith as **Exhibit 1**.

Based on the addresses provided by Defendants, all are located in China. *Id.*, ¶3. However, all of the addresses listed are either incomplete, false or phonetically translated with no separation, making them unsuitable for verification through standard address-checking methods. *Id.* ¶¶4-6. As a result, Plaintiff has been unable to proceed with service through conventional means.

Given Defendants' evasion of service, Plaintiff now seeks this Court's authorization to serve process via email and web publication pursuant to Fed. R. Civ. P. 4(f)(3). Service by email and web publication are practical and well-calculated under the circumstances, as they are the only methods that will effectively apprise Defendants of the pending legal action. *Id.* ¶¶ 7-9.

These alternative service methods are reasonably calculated to reach Defendants, ensuring that they are made aware of the legal proceedings and are given an opportunity to respond. *Id.* Plaintiff respectfully submits that email and web publication constitute appropriate and effective methods of service in this case, consistent with the requirements of the Federal Rules of Civil Procedure and international law. *Id.* ¶¶10-12.

**Legal Standards**

The Court may authorize electronic service of process pursuant to Fed. R. Civ. Pro. 4(f)(3). Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed Nov. 15, 1965, 658 U.N.T.S. 163 [hereinafter Hague Service Convention]. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D.Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement.").

Furthermore, even where the location and identity of the party to be served is known, "[t]he decision whether to allow alternate methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (citations omitted); *see also Hinsey v. Better Built Dry Kilns, Inc.*, 2009 WL 1766883 at *2, (N.D. Ind. June 22, 2009) ("Rule 4(f)(3) provides the Court with flexibility and discretion empowering courts to fit the manner of service utilized to the facts and circumstances of the particular case."); *see also Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing alternative service in China because significant delay was likely if service was sought through the Chinese Ministry of Justice); *In re LDK Solar Secs. Litig.*, 2008 WL 2415186 at *1 (N.D.Cal. June 12, 2008) (authorizing an alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *In re*

*Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention.").

Lastly, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002). Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.*

## Arguments

**A. Plaintiff is unable to serve Defendants through conventional means and alternative service under Rule 4(f)(3) is appropriate in the present case**

In this case, traditional service is impractical and infeasible. Defendants are all based in China, who operate e-commerce stores through the Walmart e-commerce platform. *See* Ex. 1, ¶3. Plaintiff has diligently attempted to verify the physical addresses and phone numbers provided by Defendants in order to effectuate service, but these efforts have proven unsuccessful. Despite Plaintiff's best efforts, none of the provided addresses or phone numbers have yielded verifiable, servable information.

Plaintiff, through the efforts of Wei Zhang, has conducted a thorough and diligent search to verify the physical addresses of each Defendant. *See* Declaration of Wei Zhang, ("Decl. of Zhang"), ¶¶ 3-7, attached herewith as **Exhibit 2**. Wei Zhang's investigation included reviewing the provided addresses, verifying the phone numbers, placing phone calls, translating the addresses as accurately as possible, and attempting to cross-reference the addresses with local resources in China. *Id.* The addresses were found to be incomplete, false, or phonetically translated without separation, making them unserviceable. Furthermore, despite multiple attempts, Zhang was unable to contact Defendants through the provided phone numbers, as they were either not in service or went unanswered. *Id*. (The physical addresses and phone numbers provided by each Defendant can be

4

found in the Infringing Evidence, ECF No. 14-4, pp. 7, 15, 24, 33, 41, 48, 54, 62, 70, 77, 85, 92, 99, 106, 113).

This comprehensive investigation reveals that Defendants have provided insufficient and inaccurate information, and Plaintiff has exhausted all reasonable efforts to serve process through conventional methods. All available contact details, including physical addresses and phone numbers, were thoroughly examined by Plaintiff and its investigator, Wei Zhang. As the physical addresses are unserviceable and the phone numbers non-functional, Plaintiff has no means of reaching Defendants through traditional service methods.

Given the impossibility of service through conventional means and the failure to provide verifiable, valid contact information, alternative service under Rule 4(f)(3) is the most appropriate course of action. Service by email and web publication, as outlined in Plaintiff's motion, are the only remaining effective methods of ensuring that Defendants are made aware of the pending legal proceedings. These methods are reasonable, consistent with international law, and appropriately calculated to reach Defendants, who have actively evaded service.

**B. Email service is effective and reasonably calculated, and service by web publication complements email service and overcomes practical limitations**

Service by email is a highly effective and reliable method of service. *Id*. ¶7. Merchants operating on platforms like Walmart and Amazon are required to provide an email address when registering their accounts. *Id*. These email addresses are typically verified by the e-commerce platforms, ensuring that they are valid and functional. *Id*. Therefore, the verification process guarantees that the email address is valid and reliable for communication.

In addition to email, Plaintiff proposes combining email service with web publication as a supplementary method of service. While email service is an effective and timely means of communication, it does have limitations, such as restrictions on attachment sizes. *Id*. ¶9. Legal documents related to this case may exceed these size limitations, potentially preventing the

full set of documents from being delivered. *Id*. To address this, Plaintiff intends to include the following link (https://cloud.palmerlawgroup.com/index.php/s/SsuALkT87e4jUzF) in the email, ensuring that all relevant documents are accessible to Defendants, regardless of size restrictions.

Web publication further strengthens this service method by providing public access to the documents, increasing the likelihood that Defendants will receive the notice. With multiple avenues to access the information, including the email and the linked web publication, Plaintiff ensures that the service is "reasonably calculated" to notify Defendants of the legal action, as required by the Federal Rules.

### C. The Hague Convention does not prohibit service by email

Both the United States and China are signatories to the Hague Service Convention, which may raise concerns under Rule 4(f)(3), as that rule allows service "by other means not prohibited by international agreement, as the court orders." However, the Hague Convention does not prohibit service by email. *See* Ex. 1, ¶10. Additionally, the Convention does not apply when the address of the person to be served is not known. *Id*.

In this case, as outlined above, Defendants have failed to provide valid, servable addresses, which places the service of process outside the scope of the Hague Convention. Furthermore, China's declaration to the Convention does not specifically prohibit service by email or web publication. *Id*.

### D. This Court has discretion in granting alternative service

Rule 4(f)(3) provides the Court with the discretion to determine the most effective and reasonable method of service. Courts in the Southern District of Florida regularly grants service of process on overseas trademarks and copyright infringers to be completed via Rule 4(f)(3) under similar circumstances, particularly when Defendants are located overseas and have not provided valid addresses. *See Maxis Creations Inc v. The Individuals Partnerships and Unincorporated*

6

*Associations Identified On Schedule A*, Case No. 1:21-cv-22920-BB (S.D.Fla. J. Bloom, Beth, August 25, 2021); *Tang Lei v. The Individuals Partnerships and Unincorporated Associations Identified On Schedule A*, Case No. 1:21-cv-14431 (S.D.Fla. J. Cannon, Aileen, Sept. 13, 2022).

Moreover, courts have recognized that alternative service is appropriate when it is the only method by which Plaintiff can reasonably reach Defendant. In this case, given Defendants' failure to provide verifiable physical addresses, and considering the widespread reliance on email communication by e-commerce operators, email service—combined with web publication—constitutes the most efficient and effective means to notify Defendants of this action.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3), permitting Plaintiff to serve Defendants via email and electronic publication.

January 6, 2026.                                                    Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***